UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS LEE, | Case No. 07-0541 SC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| AMERICAN AIRLINES, a private corporation, GERARD ARPEY; MARK KOSTRZEWA; ROBERT COHEN; NANCY TAYLOR; RICHARD WOODS; GERARD SCHIPPERS; and Does 1 Through 20, Inclusive, | |
| Defendants. | |

**I. INTRODUCTION**

On January 25, 2007, Defendants American Airlines et al. ("Defendants") removed a case filed by Plaintiff Amos Lee ("Plaintiff") to this Court from state court. See Dkt No. 1. Presently before the Court is Defendants' Motion for Judgment on the Pleadings. See Dkt Nos. 14, 15. Plaintiff opposed the Motion and Defendants filed a Reply. See Dkt Nos. 19, 21.

For the reasons discussed herein, the Court GRANTS Defendants' Motion for Judgment on the Pleadings. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

**II. BACKGROUND**

This case is related to one filed by Plaintiff and removed to this Court by Defendants in 2005: Amos Lee v. American Airlines, 05-CV-2709 SC ("Lee I"). On January 24, 2006, the Court approved the parties' joint stipulation dismissing the individual

1  defendants. See Lee I, Dkt No. 16. In June of 2006, American
2  Airlines filed a motion for summary judgment. See Lee I, Dkt No.
3  36. Plaintiff never filed an opposition. After some further
4  activity, the parties stipulated to a dismissal of the case with
5  prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of
6  Civil Procedure. See Lee I, Dkt No. 55. The Court approved the
7  dismissal on August 4, 2006. See Lee I, Dkt No. 56.

8   Four months later, Plaintiff filed another complaint against Defendants in state court; Defendants then removed the case to this Court: Amos Lee v. American Airlines, 07-CV-0541 SC ("Lee II"). In May, Plaintiff replaced the attorney who had filed both cases with a new attorney. See Lee II, Dkt No. 13. Afterwards, Defendants filed their Motions, asserting that Plaintiff's present complaint is barred by the doctrine of res judicata.

## III. LEGAL STANDARD

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings are true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998).

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005) (internal citations and quotations omitted). The elements

necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties.  Id. (internal citations omitted).

## IV. DISCUSSION

### A.  Identity of Claims

To prevail in its motion, American Airlines must first show an identity of claims between Lee I and Lee II.  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (internal quotations omitted).  Specifically, courts consider (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important.  See Headwaters, 399 F.3d at 1052.

In support of their motion, Defendants provided copies of the complaints from Lee I and Lee II as well as a red-line comparison of the two.  See Request for Judicial Notice ("RJN"), Lee II, Dkt No. 16.  A comparison of the complaints reveals that they are essentially identical except for some stylistic changes and the addition of text in the first and third causes of action indicating potential retaliation claims.  See RJN, Ex. C.  The

3

1  additional facts and retaliation claims in Lee II, however, arise
2  from the same transactional nucleus of facts alleged in Lee I.
3  Although Plaintiff asserts that these retaliation claims are new,
4  they are "all grounds for recovery which could have been asserted,
5  whether they were or not, in a prior suit between the same parties
6  . . . on the same cause of action." Gregory v. Widnall, 153 F.3d
7  1071, 1074 (9th Cir. 1998) (emphasis added). Plaintiff had
8  already asserted claims for retaliation in Lee I and his new
9  allegations do not constitute new causes of action. Furthermore,
10 the new material in Lee II concerns events which took place before
11 the stipulated dismissal, thus the new allegations could have been
12 raised in Lee I. The complaints in Lee I and Lee II assert the
13 same causes of action, assert facts arising from the same
14 transactional nucleus, concern the same evidence, and concern the
15 same rights. Once Plaintiff voluntarily dismissed his prior
16 complaint with prejudice, he lost the opportunity to raise
17 identical claims in a subsequent lawsuit.

18 **B.   Final Judgment on the Merits**

19 Defendants must also show that the stipulated dismissal with
20 prejudice qualifies as a judgment on the merits. In Lee I, the
21 Court approved the parties' stipulated dismissal under Rule
22 41(a)(1)(ii) on August 4, 2006. See Lee I, Dkt No. 56; Lee II,
23 Dkt No. 56, Ex. 2. The stipulation specified that the dismissal
24 was with prejudice. Id. This language indicates a final
25 adjudication on the merits. See Semtek Int'l Inc. v. Lockheed
26 Martin Corp., 531 U.S. 497, 505 (2001); Hells Canyon Preserv.
27 Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005)
28

("Final judgment on the merits is synonymous with dismissal with prejudice.") (internal quotations omitted).  The Court finds that the stipulated dismissal with prejudice in Lee I was a final adjudication on the merits of all of Plaintiff's claims.

### C. Privity between Parties

The parties from Lee I and Lee II must be in privity for the Court to apply res judicata.  The Plaintiff, Amos Lee, is the same in both cases.  Plaintiff initially sued the exact same defendants in each case:  American Airlines and assorted employees.  In Lee I, Plaintiff dismissed the individual defendants prior to dismissing the complaint with prejudice.  See Lee I, Dkt No. 16. Even though the individual defendants were dismissed prior to dismissal of the complaint, res judicata still operates to bar Plaintiff's claims against them because they are privies of the company.  Plaintiff could have (and did) bring claims against them in the prior proceeding and cannot do so again.  See Henry v. Farmer City State Bank, 808 F.2d 1288, 1235 n.6 (7th Cir. 1986). Defendants have established all the elements necessary to bar Plaintiff's claims pursuant to res judicata.

### V. CONCLUSION

For the reasons discussed herein, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: July 30, 2007

UNITED STATES DISTRICT JUDGE

5