UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS LEE,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, a private corporation, GERARD ARPEY; MARK KOSTRZEWA; ROBERT COHEN; NANCY TAYLOR; RICHARD WOODS; GERARD SCHIPPERS; and Does 1 Through 20, Inclusive,<br><br>        Defendants. | Case No. 07-0541 SC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

On January 25, 2007, Defendants American Airlines et al. ("Defendants"), removed to this Court a case filed in state court by the plaintiff Amos Lee ("Plaintiff"). See Docket No. 1. On July 31, 2007, the Court issued an Order Granting Defendants' Motion for Judgment on the Pleadings ("Order"). See Docket No. 22. The issue now before the Court arises on Plaintiff's Request for Leave to File Motion for Reconsideration ("Request"), pursuant to Civil Local Rule 7-9. See Docket No. 24. Defendants have filed an Opposition. See Docket No. 27.

For the reasons discussed herein, the Court DENIES Plaintiff's Request.

## II. BACKGROUND

The facts of the case have been fully set out previously in this action, see, e.g., Order, as well as in the related action of

1  Amos Lee v. American Airlines, 05-CV-2709 SC ("Lee I").  The Court
2  therefore assumes the parties' familiarity with the facts and
3  discusses only those relevant to the pending issue.

**III. LEGAL STANDARD**

Civil Local Rule 7-9, titled "Motion for Reconsideration," states:

> Before the entry of a judgment adjudicating all of the claims . . . of the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration . . . .  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Civ. L.R. 7-9(a).  A party moving for leave to file a motion for reconsideration must show: (1) that at the time of the motion, a material difference in fact or law exists from that which was previously presented to the Court; or (2) the emergence of new material facts or a change of law occurring after the time of such an order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before entry of the final order.  Id. at (b).  "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  Id. at (c).

///
///
///

2

## IV. DISCUSSION

### A. Timeliness

The Court issued the Order on July 31, 2007. The Court issued the Judgment on this Order on August 1, 2007. See Docket No. 23. Plaintiff did not file the Request until August 29, 2007. Thus, under Civil Local Rule 7-9, the Request is untimely. See Civ. L.R. 7-9 (stating that a party must make a motion for leave to file a motion for reconsideration "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case . . .").

Plaintiff also brings his Request under Federal Rule of Civil Procedure 59(e). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Thus, under Rule 59(e) Plaintiff is also untimely.

### B. Merits

Even assuming, arguendo, that Plaintiff's request was timely, Plaintiff has not raised any new issues and therefore has not satisfied the requirements of Civil Local Rule 7-9. Plaintiff asserts that the Court failed "to consider dispositive material facts . . . ." Request at 3. Specifically, Plaintiff asserts that the Court erred when it granted dismissal under the doctrine of res judicata because the claim raised by Plaintiff in the most recent action was for retaliatory termination for "Mr. Lee asserting his rights to be represented by an attorney." Id. at 2. According to the sworn declaration of Mr. Lee's previous attorney, this claim could not have been raised in the original action

1  because Mr. Lee's employment had not yet been terminated.  See
2  Request, Katz Decl. ¶¶ 5-8.

3  　　　Plaintiff, however, has already raised this argument in his
4  Opposition.  See Opp'n, Docket No. 19, at 4 (stating "Plaintiff
5  could not have raised the claim of retaliation for engaging in
6  protected activity in the 1st complaint because at the time the
7  complaint was filed, Plaintiff was still employed by defendant,
8  and no retaliation for engaging in protected activity had yet
9  occurred").  The Court has already addressed this argument in its
10 Order.  See Order at 4.  Plaintiff's argument that the Court
11 failed "to consider dispositive material facts" is simply without
12 merit.[1]  Request at 3.

### V. CONCLUSION

　　　For the reasons discussed herein, the Court DENIES
Plaintiff's Request for Leave to File a Motion for
Reconsideration.

　　　IT IS SO ORDERED.

　　　Dated: November 20, 2007　　　　　　　　　/s/ Samuel Conti
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] The Court encourages Plaintiff to reread Civil Local Rule 7-9(c), which not only prohibits the repetition of arguments in a request for leave to file a motion to reconsider but also states that "[a]ny party who violates this restriction shall be subject to appropriate sanctions."  Civ. L.R. 7-9(c).